LARKIN et al. v. BURKE.

(Circuit Court of Appeals, Second Circuit. February 10, 1914.)

No. 85.

MASTER AND SERVANT (§ 182*)—LIABILITY FOR INJURIES—NEGLIGENCE OF FELLOW SERVANT.

Labor Law N. Y. (Laws 1909, c. 36) § 200, as amended by Laws 1910, c. 352 (Consol. Laws, c. 31), providing that when personal injury is caused to an employé by reason of the negligence of any person in the employer's service intrusted with any superintendence or authority to direct, control, or command any employé in the performance of his duty, the employé or his executor or administrator shall have the same right of compensation and remedy as if he had not been an employé, abolishes the fellow-servant rule whenever the injury is caused by the negligence of a person having authority over any employé, even though he had no authority over the employé injured; and hence, where the foreman of a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shovel gang was injured by the negligence of a blasting foreman, the employer was liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

In Error to the District Court of the United States for the Western District of New York.

Action by Annie M. Burke, as administratrix, against Hubert E. Larkin and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Roger, Locke & Babcock, of Buffalo, N. Y. (T. H. Lord, of New York City, of counsel), for plaintiffs in error.

Dudley, Gray & Noonan, of Niagara Falls, N. Y. (A. W. Gray, of Niagara Falls, N. Y., of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The defendants, composing the firm of Larkin & Sangster, were contractors with the state of New York for excavating the Erie Canal basin at Lockport. Burke, the plaintiff's intestate, was employed by them as foreman of the shovel gang. His duty was to superintend the removal, by a steam shovel, of the rock and débris thrown into the bed of the canal by blasting the sides of the basin, into dump cars. He was killed while in the bed of the canal by a blast fired by Forsythe, the blasting foreman, and this action to recover damages for his death was brought by his administratrix under chapter 352, Laws of 1910, amending chapter 36, Laws of 1909 of the state of New York, entitled "An act relating to labor." The ground of recovery set forth in the complaint is the negligence of Forsythe, the defendants' blasting foreman, in firing the shot before giving the plaintiff's intestate an opportunity to seek a place of safety. The jury having rendered a verdict in favor of the plaintiff, Forsythe's negligence and Burke's freedom from contributory negligence are both established as a matter of law. The only assignment of error that need be considered is the third, as follows:

"(3) The court erred in its charge to the jury that the jury might find in this case that as to the plaintiff's intestate Forsythe was a superintendent or person intrusted with authority to direct, control, or command another employé in the performance of his work, within the meaning of the Employers' Liability Law of the state of New York."

The relevant portion of the law is section 200, which is as follows:

"When personal injury is caused to an employé who is himself in the exercise of due care and diligence at the time: * * *

"2. By reason of the negligence of any person in the service of the employer intrusted with any superintendence or by reason of the negligence of any person intrusted with authority to direct, control or command any employé in the performance of the duty of such employé. The employé, or in case the injury results in death, the executor or administrator of a deceased employé who has left him surviving a husband, wife or next of kin, shall have the same right of compensation and remedies against the employer as if the employé had not been an employé of nor in the service of the employer nor engaged in his work."

A stranger could of course have recovered against the defendants, and the plaintiff contends that by virtue of this act the decedent, Burke, is to be treated as if he were a stranger and not an employé. On the other hand, the defendants contend that if Forsythe, who fired the shot, was not the superior of Burke, who was killed, and had no authority to control him, they are not liable. We are bound to follow the construction, if any, given by the Court of Appeals of New York, but none has been called to our attention. The Appellate Division for the Third Department has considered the act in Famborille v. Atlantic Gulf & Pacific Co., 155 App. Div. 833, 140 N. Y. Supp. 529. It was there said:

"It must be held, therefore, that under the amendment of 1910 the master is liable for an injury to a servant caused by the negligence of a superintendent or any person intrusted with authority; the servant himself being free from contributory negligence."

The case then under consideration involved the act of a vice principal, though not while engaged in superintendence. Judge Hazel charged the jury:

"Stress, I think, may properly be placed upon the provision of the statute which makes the employer liable to an employé for the injuries caused by the negligence of one who is intrusted with authority to direct, control, or command any employé in the performance of the work."

It seems to us that the Legislature intended to abolish the fellow-servant rule whenever the negligence of a person having authority over any employé caused the injury. Forsythe certainly had control of the blast and of all persons connected with the blasting operation. He was therefore, a person who did have authority over some of the employés, and the defendant is liable for his negligence causing Burke's death.

The defendants contend that the Legislature could not have intended to make the master liable to a superior servant for injuries caused by the negligence of an inferior servant. It is true that servants claiming indemnity are generally those injured by the negligence of their superiors, but it is quite conceivable that the Legislature purposed to protect servants when injured by the negligence of any employé having authority over any other servant, though not over the one injured. Certainly it used language aptly fitted to that end. Before the amendment the law read:

"200. Employer's Liability for Injuries. When personal injury is caused to an employé who is himself in the exercise of due care and diligence at the time: * * *

"2. By reason of the negligence of any person in the service of the employer intrusted with and exercising superintendence whose sole or principal duty is that of superintendence, or in the absence of such superintendent, of any person acting as superintendent with the authority or consent of such employer," etc.

Under the law as it then stood, the master was liable only for the negligence of a superintendent actually exercising superintendence The amendment extended the master's liability to the negligence of superintendents when not superintending, and extended the class of vice principals to persons having authority over any employé.

The judgment is affirmed.